IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Fernando Cordova

Petitioner,

vs.

M. Hennessy, et al.,

Respondents.

No. CV 05-2594-PHX-ROS (ECV)

**REPORT AND RECOMMENDATION**

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is Petitioner Fernando Cordova's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Following a jury trial in Maricopa County Superior Court in 2000, Petitioner was convicted of one count of Second Degree Murder. Doc. #10, Exh. E. At the sentencing hearing on September 1, 2000, Petitioner was sentenced to prison for 22 years. Id. Petitioner filed a direct appeal and on September 11, 2001, the Arizona Court of Appeals affirmed the conviction and sentence in a Memorandum Decision. Doc. #10, Exh. C. Petitioner's petition for review in the Arizona Supreme Court was denied on March 4, 2002. Doc. #10, Exh. I.

Shortly after his sentencing and while his direct appeal was pending, Petitioner filed a Notice of Post-Conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure on September 11, 2000. Doc. #10, Exh. K. The Office of the Legal Advocate, which was

appointed to represent Petitioner on his direct appeal, was also appointed to represent him in his request for post-conviction relief. Doc. #10, Exh. L. However, on March 15, 2001, the trial court dismissed the post-conviction proceedings because, despite filing the notice, Petitioner failed to file an actual petition for post-conviction relief before the December 4, 2000 deadline imposed by the court. Doc. #10, Exh. M.

On September 5, 2002, Petitioner filed a motion to reinstate his request for post-conviction relief. Doc. #10, Exh. N. On September 10, 2002, the trial court found that no good cause existed to reinstate and informed Petitioner that he must file a new petition. Doc. #10, Exh. O. Petitioner filed a new Notice of Post-Conviction Relief on October 7, 2002. Doc. #10, Exh. P. The trial court denied the Notice on October 29, 2002 because it was untimely and Petitioner failed to present any reasons to satisfy the exceptions to the time requirements. Doc. #10, Exh. Q. Petitioner moved for rehearing which the trial court denied on May 1, 2003. Doc. #10, Exh. S. On September 23, 2003, Petitioner filed an "Emergency Motion to Set a New Schedule for Post-Conviction Relief Upon Completion of Direct Review." Doc. #10, Exh. T. The trial court treated the motion as a third notice of post-conviction relief and denied it on October 8, 2003. Doc. #10, Exh. U. On August 24, 2004, Petitioner filed a "Petition for Post-Conviction Relief" alleging a violation of Blakely v. Washington, 542 U.S. 296 (2004). Doc. #10, Exh. V. The trial court denied the petition on August 30, 2004 because Blakely does not apply retroactively to convictions that are final. Doc. #10, Exh. W. Petitioner's subsequent Petition for Review in the Arizona Court of Appeals was denied on July 14, 2005. Doc. #10, Exh. X, Y.

On August 26, 2005, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Doc. #1. On January 21, 2006, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. #10. Petitioner did not file a reply despite being told he could do so in the screening order. Doc. #2 at 2.

**DISCUSSION**

Respondents contend that the petition should be dismissed because it was not filed within the one year statute of limitations period. They argue that Petitioner's attempts to obtain post-conviction relief in the state court failed to toll the limitations period and therefore his habeas petition in this court was untimely. Because Petitioner did not file a reply, he has not addressed the statute of limitations defense. Based on the information presented, the court finds that the habeas petition was not filed within the statute of limitations period.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921. However, a state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1812 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id.

In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher

court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, the Arizona Supreme Court denied direct review on March 4, 2002, and under Supreme Court Rule 13, Petitioner had ninety days from that date to file a petition for writ of certiorari. As a result, the period of "direct review" for statute of limitations purposes ended on June 3, 2002, and the one year limitations period began to run on that date. See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d at 1158-59. Therefore, absent any tolling, the statute of limitations expired on June 3, 2003.

Petitioner filed a Notice of Post-Conviction relief on September 11, 2000, before the completion of direct review. Doc. #10, Exh. K. On March 15, 2001, the trial court dismissed the post-conviction proceedings. Doc. #10, Exh. M. Petitioner did not seek review in the Arizona Court of Appeals. Because this first round of post-conviction proceedings occurred before the completion of direct review, the statute of limitations was not tolled.

Petitioner filed a second Notice of Post-Conviction Relief on October 7, 2002, approximately four months after the completion of direct review. Doc. #10, Exh. P. The trial court denied the Notice as untimely on October 29, 2002. Doc. #10, Exh. Q. Petitioner moved for rehearing which the trial court denied on May 1, 2003. Doc. #10, Exh. S. Petitioner did not seek review in the Arizona Court of Appeals. Because the notice of post-conviction relief was untimely, it was not "properly filed" as required by 28 U.S.C. § 2244(d)(2). See DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). As a result, the notice did not toll the statute of limitations period.

On September 23, 2003, more than three months after the statute of limitations expired, Petitioner filed an "Emergency Motion to Set a New Schedule for Post-Conviction Relief Upon Completion of Direct Review," which was treated as a third notice of post-conviction relief. Doc. #10, Exh. T, U. The motion was denied on October 8, 2003. Id. Because the statute of limitations period had already expired on June 3, 2003, Petitioner's third notice of post-conviction relief did not toll or otherwise affect the limitations period. See Ferguson, 321 F.3d at 823. For the same reason, Petitioner's final petition for post-conviction relief on August 24, 2004, alleging a violation of Blakely v. Washington, had no effect on the statute of limitations.

Petitioner therefore has not established that he was entitled to any statutory tolling of the statute of limitations. Nor has Petitioner even argued that he was entitled to equitable tolling. Consequently, Petitioner's habeas petition in this court was due no later than June 3, 2003. Petitioner did not file his habeas petition until August 26, 2005. For the foregoing reasons, the court finds that Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1). The court will therefore recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 9th day of August, 2006.

Edward C. Voss
United States Magistrate Judge