IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Cordova,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>M. Hennessy, et al.,<br><br>　　　　　Respondents.. | No. CV 05-2594-PHX-ROS<br><br>**ORDER** |

　　　　Petitioner, Fernando Cordova ("Cordova"), filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 26, 2005. (Doc. # 1). On August 9, 2006, Magistrate Judge Voss issued a Report and Recommendation (R & R) that the Petition be denied and dismissed with prejudice. (Doc. # 12). Cordova filed objections to the R & R on August 31, 2006. (Doc. # 14). For the reasons set forth below, the Court will adopt the R & R and deny Cordova's Petition for Writ of Habeas Corpus.

**I.　　Standard of Review of Report and Recommendation**

　　　　After a Magistrate judge submits a R & R, the parties have ten days in which to file any objections. 28 U.S.C. §636(b)(1). The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* After evaluating the Magistrate

1 Judge's Report and Recommendation, as well as the objections filed by either party, a
2 district judge "may accept, reject, or modify, in whole or in part, the findings or
3 recommendations made by the magistrate judge." *Id.*

## II.     Legal Analysis

In his objections to Magistrate Judge Voss' R & R, Cordova does not contend that his habeas petition was filed within the statute of limitations period. Cordova's case became final on direct review on June 3, 2002, and the one year statute of limitations period began to run on that date. *See* 28 U.S.C. §2244(d)(1)(A); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). That period expired on June 3, 2003. Cordova did not file his habeas petition until August 26, 2005. Furthermore, the statute of limitations for Cordova's case was not tolled by properly filed applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. §2244(d)(2). The Court adopts the finding of Magistrate Judge Voss that Cordova's habeas petition was not filed before the statute of limitations deadline.

Cordova objects to the R & R because he claims that the holding of *Blakely v. Washington*, 542 U.S. 296 (2004) entitles him to a re-sentencing hearing.   The Ninth Circuit has held that *Blakely* does not retroactively apply to convictions that were final before the *Blakely* decision was announced. *Schardt v. Payne*, 414 F.3d 1025, 1036-38 (9th Cir. 2005). The holding in *Blakely* does not apply to Cordova's case because his conviction was final before the *Blakely* decision was announced.

Cordova also objects to the R & R because he claims that he should be allowed a re-sentencing hearing pursuant to Ariz. R. Crim. P. 32.1(g).  Rule 32.1(g) gives a person convicted of a criminal offense the right to file a post-conviction relief proceeding if "[t]here has been *a significant change in the law* that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." Ariz. R. Crim. P. 32.1(g) (emphasis added). As discussed above, the *Blakely* decision does not retroactively apply to convictions that were final before the decision was announced, and it does not apply to claims on collateral review. *Schardt*, 414 F.3d at 1036-38. Cordova's

- 2 -

1  conviction was final on direct review before the *Blakely* decision.  Because *Blakely* does
2  not apply to Cordova's case, there was no significant change in the law that would entitle
3  Cordova to collateral review of his conviction under Rule 32.1(g).
4       Finally, Cordova argues that state filing deadlines and statutes of limitations do not
5  apply to his case because he claims that there has been a significant change in law that
6  affects the process of his sentence.  However, there has been no significant change in the
7  law that applies to the process of Cordova's sentence because the *Blakely* decision does
8  not apply to the process that affected his sentence.  *See Schardt*, 414 F.3d at 1036-38.
9       Accordingly,
10      **IT IS ORDERED** that Magistrate Judge Voss's Report & Recommendation (Doc.
11 # 12) is **ADOPTED.**  Cordova's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.
12 § 2254 is **DENIED**.  The Clerk of Court shall dismiss case number CV 05-2594-PHX-
13 ROS.
14      DATED this 27th day of March, 2007.

_____
Roslyn O. Silver
United States District Judge